UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

Mesi Williams,                                    Case No. 2:17-cv-500-FtM-PAM-MRM

                        Petitioner,

v.                                                **MEMORANDUM AND ORDER**

Secretary, DOC,

                        Respondent.

_____

This matter is before the Court on a Petition for a Writ of Habeas Corpus under 28

U.S.C. § 2254.  For the following reasons, the Petition is denied.

**BACKGROUND**

On October 3, 2013, a jury in Hendry County, Florida, convicted Petitioner Mesi

Williams of two counts of false imprisonment, first-degree grand theft, and simple robbery.

The trial court sentenced Williams to five years' imprisonment for false imprisonment, 18

years' imprisonment for grand theft, and 15 years' imprisonment for robbery.  Williams

appealed her conviction, and the Florida Second District Court of Appeal affirmed without

written opinion.  Williams v. State, 175 So. 298 (Fla. Dist. Ct. App. 2015).

Williams filed a Rule 3.850 motion on December 28, 2015.  (App'x Ex. 8.)  The

state court directed her to file an amended motion due to insufficient claims (id. Ex. 9),

which she did on April 4, 2016.  (Id. Ex. 10.)  She alleged four claims of ineffective

assistance of counsel for failing to: object to a preemptory challenge to strike a potential

juror, object to the prosecutor's statement that a witness was an expert, request an

independent act jury instruction, and object to the jury instruction that she was a principal. The state court denied relief. (Id. Ex. 11.) Williams appealed, and the Court of Appeal affirmed without opinion. Williams v. State, 232 So. 3d 990 (Fla. Dist. Ct. App. 2017). On March 24, 2017, mandate issued. (App'x Ex. 14.)

Williams timely presented the instant Petition under 28 U.S.C. § 2254 to prison officials on August 28, 2017. The Petition (Docket No. 1) raises four grounds for relief, contending that Williams' trial counsel was ineffective. The state concedes that her claims are properly exhausted and ripe for federal habeas review.

**DISCUSSION**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 et seq., a federal court's "review is greatly circumscribed and is highly deferential to the state courts." Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002). Indeed, AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002) (citation omitted). 28 U.S.C. § 2254, which applies to persons in custody pursuant to a state-court judgment, provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Further, § 2254 states that "a determination of a factual issue made by a State court shall be presumed to be correct."  Id. § 2254(e)(1).  The burden is on the petitioner to "rebut[] the presumption of correctness by clear and convincing evidence."  Id.

## A.      Ineffective Assistance of Counsel

Williams can succeed on her ineffective-assistance claims only if she can show that the trial court's determination of the facts surrounding her claims was unreasonable.  28 U.S.C. § 2254(d). To establish ineffective assistance of counsel, Williams must demonstrate that her counsel's performance was objectively unreasonable by professional standards and that the poor performance prejudiced her.  Strickland v. Washington, 466 U.S. 668, 688 (1984).   To show prejudice, Williams "must establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Woodford v. Visciotti, 537 U.S. 19, 22 (2002) (emphasis and quotations omitted).  Moreover, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 689. "Ineffective assistance of counsel can be grounds for challenging a conviction if counsel's performance was so egregious that it rendered the trial fundamentally unfair."  Damron v. Florida, No. 8:07cv2287, 2009 WL 1514269, at *2 (M.D. Fla. May 29, 2009).

### 1.      Preemptory Challenge

In ground one, Williams contends that her trial counsel was ineffective for joining an objection to a preemptory challenge to strike a potential juror, rather than stating his own objection and the reason behind it.   (Pet. Reply Mem. (Docket No. 13) at 3-4.) Williams argues that her attorney joining the codefendants' objections "allow[ed] counsel for the other defendants to act on her behalf."  (Id.)  She further alleges that her attorney's actions allowed the jury to become "racially imbalanced" and therefore biased against her. (Id.)  Williams cites no authority supporting her argument.

Neither the trial court nor the appellate court found that Williams met the first prong of Strickland, and because those conclusions are not an unreasonable view of the facts, the Court defers to the state courts' findings.  See § 2254(e)(1).  Williams has not demonstrated that her counsel's conduct was objectively unreasonable or that she was prejudiced as a result, and this claim fails.

### 2.      Prosecutor's Statement

In ground two, Williams argues that her trial counsel was ineffective for failing to object to the prosecutor's closing statement that one of the witnesses was an "expert." (Pet. Reply Mem. at 5.)  Her codefendants' counsel immediately objected, the judge sustained the objection, and the prosecutor retracted the statement.  Williams argues that because her counsel did not also object, her counsel was ineffective.

As the state court found, Williams falls short of showing how her counsel's objection would have made a difference in the outcome of her case, let alone that refraining from objecting constituted ineffective assistance, or how the failure to join in another

lawyer's objection could possibly be prejudicial.  Nothing in the record demonstrates that Williams' trial counsel's representation fell below <u>Strickland</u>'s standards.  Ground two fails.

### 3.     Jury Instructions

Lastly, Williams brings two claims related to jury instructions.  In ground three, she argues that her trial counsel was ineffective because he did not seek an independent-act jury instruction for her involvement in the robbery.  Williams maintains that such an instruction would have been proper, because "[f]orcing the employees into the restroom and restraining them in any manner was outside the scope of the original plan [she] contemplated."  (Pet. Reply Mem. at 8.)  She further claims that without the independent-act instruction, "the jury had no choice to find [her] guilty on all counts."  (<u>Id.</u>)

As the state court found, Williams' claim fails factually and legally.  She and her codefendants operated out of a common plan or scheme to rob the store, therefore an independent-act instruction was inappropriate.  The trial court's assessment that her counsel did not render ineffective assistance by failing to seek an independent-act jury instruction was not clearly erroneous.

In ground four, Williams claims that her trial counsel should have objected to the jury instruction that she acted as a principal.  She argues that the instruction was improper because she was not the principal, nor could she have been, as her codefendants committed some acts outside the scope of what she imagined.

The state court found that evidence at trial supported the principal instruction, and the record supports that finding.  Williams thus fails to establish that her counsel was

ineffective, or that she was prejudiced as a result.  Williams' challenges regarding the jury instructions fail.

## B.    Evidentiary Hearing

AEDPA provides that a habeas petitioner is entitled to a hearing only if she can show that her claim "relies on a new rule of constitutional law . . . or a factual predicate that could not have been previously discovered through the exercise of due diligence" and that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the [petitioner] guilty . . . ." Id. § 2254(e)(2).

Williams' claims of ineffective assistance of counsel fail on the merits.  She cannot establish either that her counsel was ineffective or that that it was unreasonable for the court reviewing her claims to conclude otherwise.  Because the facts here establish that Williams' counsel did not provide ineffective assistance, an evidentiary hearing is not warranted.

## C.    Certificate of Appealability

Williams is required to secure a Certificate of Appealability before appealing the dismissal of her habeas corpus action.  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). This Court cannot grant a Certificate of Appealability unless the prisoner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason . . . could conclude

the issues presented are adequate to deserve encouragement to proceed further." Miller-El

v. Cockrell, 537 U.S. 322, 327 (2003).

Williams has not demonstrated that her claims "deserve encouragement to proceed

further." Miller-El, 537 U.S. at 327.  The Court will therefore not grant a Certificate of

Appealability on any of Williams' claims.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1.    Williams' Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED**;

2.    A Certificate of Appealability will **NOT** issue; and

3.    The Clerk shall enter judgment accordingly, terminate all remaining

      deadlines as moot, and close the file.


Dated:  April 20, 2020

                                        s/ Paul A. Magnuson
                                        Paul A. Magnuson
                                        United States District Court Judge

7